**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

ROBERT HUDSON,                 )
                                    )
          Petitioner,        )
                                    )
           v.                 )        CAUSE NO. 3:14-CV-99 TS
                                    )
SUPERINTENDENT,          )
                                    )
          Respondent.     )

**OPINION AND ORDER**

Robert Hudson, a *pro se* prisoner, filed a 28 U.S.C. 2254 Habeas Corpus Petition by a

State Prisoner Challenging a Prison Disciplinary Proceeding [ECF No. 1]. In WCC #13-09-0802,

Hudson was found guilty of unauthorized possession of a cell phone. (Prison Disciplinary Report

at 1, ECF No. 5-3.) The charge was initiated on September 24, 2013, when Sergeant T. Reed

prepared a conduct report stating as follows:

> On the above date [and] approx. time I Sgt. Reed entered the north wing of 4 dorm.
> When the above offender saw me, I saw him move his hand under the bunk he was
> sitting on. Then I heard a small clunk. I made my way over [and] found a Samsung
> cell phone laying on the floor.

(Prison Report of Conduct, ECF No. 5-1.) A photograph of the phone was also taken. (Prison

Disciplinary Report at 2, ECF. No. 5-3.)

On October 1, 2013, Hudson was formally notified of the charge (Prison Notice of

Disciplinary Hr'g at 1, ECF No. 5-2.) and given a copy of the conduct report. (Prison Report of

Conduct, ECF No. 5-1.) He pled not guilty, requested a lay advocate, and waived the 24-hour

notice requirement. (Prison Notice of Disciplinary Hr'g at 1, ECF No. DE 5-2.) He did not

request any physical evidence, but requested a witness statement from fellow inmate Lavara

Blanchard. (*Id.*) A statement was obtained from Blanchard prior to the hearing, and he stated as follows:

> On 9-24-13 I was on the north wing of 4 Dorm talking on the cell phone when Sgt. Reed and [two] other ofc came in the back door. I panic [sic] and tried to stick in [sic] under the bunk so he wouldn't catch me with it but it hit the floor [illegible]. Sgt Reed and the [two] other offcs shook the bunk down and found it. It was my phone and I just don't want no one else to take the blame for it.

(Prison Notice to Lay Advocate at 4, ECF. No. 5-3.) On October 3, 2013, a hearing was held on the charge. (Prison Report of Discipline at 1, ECF No. 5-3.) In his defense Hudson stated that "[t]here was a few people back there. It wasn't in my possession. It wasn't my bunk. There were 3 of us. They shook us down after the phone fell on the floor. I just happened to be sitting there, he came and took my ID." (*Id.*) Based on the evidence, the hearing officer found Hudson guilty and as a result he lost earned-time credits, among other sanctions. (*Id.*) His administrative appeals were denied. (Prison Disciplinary Hr'g Appeal, ECF No. 5-4; Response to Appeal, ECF No. 5-5.)

When a due process liberty interest is at stake in prison disciplinary hearings, the Fourteenth Amendment guarantees prisoners certain procedural due process protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974). To satisfy due process, there must also be "some evidence" in the record to support the disciplinary decision. *Walpole v. Hill*, 472 U.S. 445, 455 (1985).

Hudson asserts four grounds for relief in his petition, but they are all different

formulations of the same claim. Essentially his claim is that he should not have been found guilty

because there was insufficient evidence that he possessed the phone. (Habeas Corpus Petition at

2-3, ECF No. 1.) In assessing the sufficiency of the evidence, the relevant standard is whether

there is "some evidence" to support the guilty finding. *Hill*, 472 U.S. at 457. The Court will not

"conduct an examination of the entire record, independently assess witness credibility, or weigh

the evidence, but only determine whether the prison disciplinary board's decision to revoke good

time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

A guilty finding will be overturned only if "no reasonable adjudicator could have found [the

prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United*

*States Parole Comm'r*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is

permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976

F.2d 341, 345 (7th Cir. 1992).

Here, Sergeant Reed reported that as he approached the area, he saw Hudson make a

furtive gesture with his hand under the bunk. The officer heard a "clunk," and subsequently

found a phone on the floor where Hudson had been sitting. Hudson does not dispute the specifics

of Sergeant Reed's account,[1] but argues that he could not have been found guilty because

Blanchard claimed the phone belonged to him. This was not a criminal prosecution, however, so

the hearing officer was not required to prove Hudson's guilt beyond a reasonable doubt, nor was

he required to credit Blanchard's statement. Indeed, one could find Blanchard's statement

---

[1] The court notes that Hudson was afforded until April 18, 2014, to file a traverse in support of
his petition. (ECF No. 3.) That deadline passed more than 30 days ago, and to date no traverse has been
received.

suspect, given that he claims to have thrown the phone to avoid being caught with it, only to later decide he would accept full responsibility for it. In any event, weighing the relative credibility of the witnesses was the task of the hearing officer, not this court. *McPherson*, 188 F.3d at 786. Sergeant Reed's account of how the phone was found provided sufficient evidence to support the hearing officer's determination. *See Hill*, 472 U.S. at 457; *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report alone provided some evidence to support disciplinary determination). Furthermore, even if the phone was actually owned by Blanchard, Hudson was found guilty of *possessing* a phone, not owning one. There was sufficient evidence that he was in possession of the phone when Sergeant Reed approached the area.

Hudson also asserts that the evidence was insufficient because there were two other inmates nearby at the time of this incident, and they could have dropped the phone. He points out that the phone was not found "in the hands of [any]one." However, circumstantial evidence is sufficient to support a guilty finding in a disciplinary proceeding. *See Hamilton*, 976 F.2d at 345-46. The record need not contain evidence of actual possession of contraband, as long as there is sufficient evidence of constructive possession. *Id* (evidence of possession was sufficient in disciplinary case, since contraband was found in a location where only the petitioner and three other inmates could have left it); *see also Pigg v. Finnan,* 289 Fed. Appx. 945, 947 (7th Cir. Aug. 18, 2008) ("When only a few inmates have access to the place contraband is found, constructive possession is 'some evidence' sufficient to sustain a disciplinary conviction."). There is sufficient circumstantial evidence of Hudson's possession of the phone in this case. *See Hill*, 472 U.S. at 457 ("Although the evidence in this case might be characterized as meager, and

there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."). Accordingly, Hudson is not entitled to federal habeas relief.

For these reasons, the petition [ECF. No. 1] is DENIED.

SO ORDERED on June 30, 2014.

                    s/ Theresa L. Springmann
                    THERESA L. SPRINGMANN
                    UNITED STATES DISTRICT COURT
                    FORT WAYNE DIVISION